UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH LARSEN SANTORA,

    Plaintiff,

v.                                     No. 3:09CV00339(DJS)

ALL ABOUT YOU HOME CARE
COLLABORATIVE HEALTH CARE
SVC, LLC,

    Defendant.

**ORDER**

The plaintiff, Elizabeth Larsen Santora, brings this action against the defendant, All About You Home Care Collaborative Health Care Svc, LLC ("AAY"), alleging employment-related discrimination on account of her sex in violation of 42 U.S.C. § 2000e-2(a)(1) (2006), and employment-related discrimination on account of her age in violation of 29 U.S.C. § 623(a)(1) (2006). Jurisdiction exists under 28 U.S.C. § 1331 (2006).

**I. BACKGROUND**

On June 3rd, 2009, AAY filed a motion requesting security for costs from Santora in the sum of $500 pursuant to Rule 83.3(a) of the Local Civil Rules for the District of Connecticut. (Dkt. # 9.) The following day, Santora filed a Memorandum in Opposition to AAY's motion, arguing its

1

impropriety on the grounds that: (1) AAY's default had already entered pursuant to Fed. R. Civ. P. 55(a); and (2) AAY's motion was not accompanied by a Memorandum of Law as required by Local Rule 7(a). (Dkt. # 10.) On June 8th, however, Judge Droney granted AAY's motion to set aside the entry of default. (Dkt. # 13.) The matter was subsequently referred to Magistrate Judge Smith for consideration of other motions pending disposition. (Dkt. # 19.)

On August 7th, 2009, Judge Smith granted AAY's motion and ordered Santora to post the bond. (Dkt. # 22.) Shortly thereafter, Santora moved for reconsideration, arguing that the bond requirement would cause "existing financial inequality" between the parties to become "heightened in [AAY's] favor." (Dkt. # 24-1, p. 2.) Santora further observed that "requiring [her] to post a Security for Costs will likely not prevent her from proceeding with this Action." Id. Nonetheless, she maintained that the bond would "serve to penalize her for bringing" her action. Id.

On September 24th, 2009, Judge Smith granted Santora's motion to reconsider, but ultimately denied the relief she requested and adhered to his prior order. (Dkt. # 26.) The following day, Santora filed an objection to Judge Smith's order quashing a subpoena she had previously caused to be served on the Commissioner of Children and Families, and also objected to

his ruling on her motion to reconsider the bond requirement. (Dkt. # 28.)

On September 17th, 2010, the case was transferred to the undersigned's docket, and on October 4th, Santora was once again ordered to file a security bond in accordance with Judge Smith's prior rulings. (Dkt. # 45.) Santora now moves for reconsideration of this Court's order. Specifically, she seeks review of her objections to Judge Smith's rulings, which she argues were overlooked. (Dkt. # 46-1, p. 1.)

## II. ANALYSIS

Rule 72 of the Federal Rules of Civil Procedure provides that following a magistrate judge's non-dispositive pretrial order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). To date, Santora's objections remain unaddressed. Accordingly, this Court's October 4th order requiring her compliance with Judge Smith's order to file the bond is VACATED.

### A. Santora's Objection to Judge Smith's Ruling on the Motion to Quash

Santora objects to Judge Smith's quashing order as clearly erroneous or contrary to law. Specifically, she contends that "her employment was terminated by the Defendant, for Age and Sex based reasons, shortly after an unidentified State of

3

Connecticut, Department of Children and Families employee allegedly made Sex and Age based remarks about her." (Dkt. # 28, pp. 1-2.) She argues that the subpoena, which sought the identity of the employee in question, "clearly falls within that contemplated by" Rule 26 of the Federal Rules of Civil Procedure, and thus was incorrectly "quashed on the grounds of relevancy to this litigation." Id.

The Court finds that Judge Smith's order was not clearly erroneous or contrary to law. Santora's objection misinterprets Judge Smith's order, which, in its entirety, reads as follows:

> The motion to quash the subpoena issued to the Commissioner of Children and Families is GRANTED <u>largely on the basis of the arguments made therein</u>. At this time, it does not appear the the [sic] records sought are relevant to the litigation.

(Dkt. # 27 (emphasis added)). The "arguments made therein"—i.e., in the Commissioner's Motion to Quash—are not confined to the relevance of the documents sought, but also rest on the Commissioner's confidentiality obligations under state law, on the overbreadth of the demand, and on the resulting unnecessary burden to the Commissioner, who is not a party to this action. (Dkt. # 18.) These problems, aside from Judge Smith's observation with respect to relevance, provide ample support for his disposition. Cf. E.E.O.C. v. United Parcel Service, Inc., 587 F.3d 136, 139 (2d Cir. 2009). The subpoena was thus not, as Santora suggests, quashed solely "on the grounds of relevancy to

4

this litigation," and Judge Smith's order was not clearly erroneous or contrary to law. Accordingly, Santora's objection is OVERRULED.

### B. Santora's Objection to Judge Smith's Ruling on her Motion to Reconsider

Santora objects to Judge Smith's ruling on her motion to reconsider on the ground that it was issued on the same day as his order quashing the subpoena. Specifically, she argues that the latter caused her to "question[ ] the soundness of Judge Smith's contemporaneous Ruling" on the former. (Dkt. # 28, p. 2.) The Court cannot conclude that Judge Smith's ruling was, on this basis, clearly erroneous or contrary to law.

Santora's objection also refers to the arguments she pressed in her initial memorandum in opposition, and in her motion to reconsider. (Dkt. # 28, pp. 2-3.) In her initial memorandum in opposition, she had argued that AAY was in default and that it had failed to support its motion for bond with a memorandum of law as required by Local Rule 7(a). (Dkt. # 10, p. 1.) Her default-based argument, however, was subsequently foreclosed by Judge Droney's order setting aside the entry of default, and to the extent that her Local Rule 7(a) argument remains unaddressed, the Court now rejects it as a basis for waiver. In her motion to reconsider, she argued that the bond requirement would exacerbate financial inequality among the

5

parties and penalize her for bringing her action. (Dkt. # 24, p. 2.) The Court cannot conclude that Judge Smith's rejection of these arguments was clearly erroneous or contrary to law. Accordingly, Santora's objection is OVERRULED.

The Court notes, however, that Santora's latest argument in support of a waiver departs from her prior characterizations to Judge Smith of the consequences she anticipates to flow from the bond requirement. Specifically, Santora now claims that she "cannot afford" to comply with the bond requirement, and that, as a result, her "case will be dismissed, and her right to seek legal recourse for the discrimination committed against her will go un-redressed." (Dkt. # 46-1, pp. 1-2.)

Local Rule 83.3 entitles a defendant "to an order to be entered by the Clerk, as of course, for a cash deposit or bond with recognized corporate surety in the sum of $500.00 as security for costs . . . ." D. Conn. L. Civ. R. 83.3(a). The primary purpose of a bond requirement, as characterized by the Second Circuit, is "to insure that whatever assets a party does possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded." Selletti v. Carey, 173 F.3d 104, 112 (2d Cir. 1999). The Circuit has warned, however, that "the imposition of a security requirement may not be used as a means to dismiss suits of questionable merit filed by plaintiffs with few resources." Id.

6

To minimize this risk, courts emphasize the importance of a <u>showing</u> of inability to pay by the party seeking relief from a bond obligation. See id.; <u>Leighton v. Paramount Pictures Corp.</u>, 340 F.2d 859, 861 (2d Cir. 1965) ("The amount of security required is relatively modest and [the plaintiff] has failed to show that he would be financially unable to post the required amount. The security requirement and stay thus represent reasonable measures designed to further the effective administration of this suit and do not unduly prejudice [the plaintiff] in the pursuit of his claim."). See also <u>RLS Associates, LLC v. United Bank of Kuwait PLC</u>, No. 01 Civ. 1290, 2006 WL 2019576, at *1-3 (S.D.N.Y. July 13, 2006) (Where "Plaintiff wishe[d] to submit its claim against Defendant to trial but sa[id] it [could not] afford to post the required security," the court concluded that "[e]quity requires that [Plaintiffs'] assets be looked to . . . when the Court determines whether those for whose benefit the action is pressed can afford to post security required to protect the legitimate interests of the Defendant."). Local Rule 83.3 itself reflects the foregoing by conditioning the modification or waiver of the bond requirement "[u]pon good cause <u>shown</u>." D. Conn. L. Civ. R. 83.3(b) (emphasis added).

Here, Santora's assertions of financial inability are conclusory and unaccompanied by details or supporting documents.

7

Should Santora wish to show her inability to satisfy the bond requirement, she may file a new, properly supported motion to vacate or modify pursuant to D. Conn. L. Civ. R. 83.3(b). Otherwise, she shall comply with Judge Smith's order and file the required bond.

### III. CONCLUSION

In accordance with the foregoing, Santora's Motion for Reconsideration **(dkt. # 46)** is **GRANTED**. This Court's October 4th order requiring Santora's compliance with Judge Smith's order to file a bond **(dkt. # 45)** is **VACATED**. Santora's objections to Judge Smith's Rulings on the Commissioner's Motion to Quash and on her Motion to Reconsider **(dkt. # 28)** are **OVERRULED**. Santora shall, **no later than December 23, 2010**, either: (1) File a new, properly supported motion to vacate or modify the order to file a bond as security for costs pursuant to D. Conn. L. Civ. R. 83.3(b); or (2) Comply with the order and file a bond with sufficient surety in the sum of $500.00 as security for costs. Otherwise, this case shall be dismissed with prejudice.

SO ORDERED this 23rd day of November, 2010.

                                        _____/s/DJS_____
                                        **DOMINIC J. SQUATRITO**
                                    **UNITED STATES DISTRICT JUDGE**