UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH LARSEN SANTORA, Plaintiff,

v. NO. 3:09CV00339 (DJS)

ALL ABOUT YOU HOME CARE COLLABORATIVE HEALTH CARE SVC, LLC, Defendant.

MEMORANDUM OF DECISION AND ORDER

The plaintiff, Elizabeth Larsen Santora ("Santora"), brings this action against the defendant, All About You Home Care Collaborative Health Care Services, LLC, ("AAY") alleging employment-related discrimination on account of her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and employment-related discrimination on account of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). Jurisdiction exists under 28 U.S.C. §1331. The defendant AAY now moves for summary judgment pursuant to Fed. R. Civ. P. 56. For the following reasons, AAY's motion for summary judgment (doc. #39) is GRANTED.

BACKGROUND

Santora is over forty (40) years old and a resident of the State of Connecticut. During all relevant times, Santora was a licensed Registered Nurse in the State of Connecticut. AAY is in

the business of providing nursing services. At all times relevant to this complaint, AAY employed 19 in-house employees and 105 field employees who were assigned cases out of AAY's Naugatuck, Connecticut office.

In September 2007 Santora was offered employment as a per diem nurse by AAY, which did not guarantee her as a per diem nurse a set number of hours of work. In October 2007 Santora received her first assignment with AAY to work with a severely disabled boy in his home in Newtown, Connecticut. On October 16, 2007, Gail Perugini ("Perugini"), the Pediatric Case Manager, spoke to Santora by telephone regarding a complaint made by the child's parents. Santora subsequently made a verbal request to be taken off the Newtown assignment.

Santora alleges that the father of the child in Newtown had implied "don't you think it would be better if you were . . . a man" because she had to carry his son. (Doc. # 39-3, p. 71.) There is no evidence that AAY was made aware of this implication until this action.

On December 10, 2007, Santora was given a written and verbal warning regarding her supervisor's observation during a skilled visit wherein Santora used her cell phone while working. At this time, Santora provided a written explanation for her conduct and requested, in writing, to be removed from the Newtown assignment.

At the end of December 2007, AAY removed Santora from the Newtown assignment per her request. Santora was then given an assignment in the Oakville section of Watertown, Connecticut, where she cared for a special-needs foster child. Santora alleges that a social worker employed by the State of Connecticut made age-based comments to Santora while she was working at this assignment.

In March 2008, the child's foster mother called Santora and informed her that she no longer wanted Santora in her household. According to the foster mother, the State of Connecticut social worker had told the foster mother that Santora had made negative comments about her, including the comment that "[s]he was not a good foster parent." (Doc. # 39-3, p. 64.) Both parties agree that "the foster parent . . . has th[e] right to determine who is going to be in her home," and that "it wasn't All About You's decision to do that," i.e., remove Santora from that assignment. (Id. at 65-66.)

Following her removal from the Watertown assignment, Santora made "10 or more" phone calls to the scheduler at AAY to see if another assignment was available during the months of March and April 2008. (Id. at 68.) As of the commencement of this action, Santora had not received another assignment from AAY.

AAY now moves for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that there is no genuine dispute as to any

material fact and that it is entitled to judgment as a matter of law.

DISCUSSION

A. SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." On a motion for summary judgment, the Court must therefore "determine whether, as to any material issue, a genuine factual dispute exists." Kaytor v. Electric Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010).

In making these determinations, "the court should review all of the evidence in the record." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). In doing so, "the court must draw all reasonable inferences in favor of the nonmoving party, and . . . may not make credibility determinations or weigh the evidence." Id.

B. PLAINTIFF’S AGE AND GENDER CLAIMS

Santora claims that “[o]n or about March 2008, and continuing for a period thereafter, [AAY] treated [Santora] discriminatorily with respect to her compensation, terms, conditions, or privileges of employment by giving her reduced hours of work and/or not calling her for work assignments on account of her sex in violation of 42 U.S.C. Sec. 2000e-2(a)(1) . . . [and] because of her age in violation of 29 U.S.C. Sec. 623(a)(1)(2008).” (Doc. # 1, p. 2.)

The ADEA states, in relevant part, that "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623 (a)(1). Title VII states, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2 (a)(1).

"The same evidentiary framework is used to evaluate claims of discrimination based upon gender or age. To establish a prima facie case of age discrimination under the ADEA or gender discrimination under Title VII, a plaintiff must demonstrate the

following: (1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." Leibowitz v. Cornell University, 584 F.3d 487, 498 (2d Cir. 2009)(citation omitted). "Once a prima facie case is established, a presumption arises that the employer unlawfully discriminated, and the burden shifts to the defendant to present a nondiscriminatory reason for the adverse employment action." Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001). The presumption of discrimination "drops out" when the employer articulates a legitimate, nondiscriminatory reason for the adverse employment action, and the burden shifts back to the plaintiff to prove that the nondiscriminatory reason is untrue and merely a "pretext for discrimination." Id. (internal quotation marks omitted).

AAY agrees that Santora satisfies the first two prongs of the test for establishing a prima facie case of age or gender discrimination, i.e., she was a member of the protected class[1] at the relevant time and was qualified for the position. Under the third prong, a plaintiff must show that there was an adverse employment action. AAY contends that Santora did not suffer an

[1] For purposes of the ADEA, the protected class consists of "individuals who are at least 40 years of age." 29 U.S.C. § 631 (a).

adverse employment action because AAY never terminated Santora's employment. Santora disagrees and notes that although she may not have been officially terminated by AAY, she stopped receiving work assignments from AAY in March 2008.

"Courts must make th[e] determination [of what constitutes an adverse employment action] on a case-by-case basis". Wilburn v. Fleet Financial Group, Inc., 170 F. Supp. 2d 219, 237 (D. Conn. 2001) (citing Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426, 446 (2d Cir. 1999)). An adverse employment action is "a materially adverse change in the terms and conditions of employment . . . ." Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012) (internal quotation marks omitted). The change in working conditions, however, must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Id. (internal quotation marks omitted).

The Second Circuit has recognized "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand" as adverse employment actions. Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999). The Second Circuit has also suggested that "lesser actions may also be considered adverse employment actions." Id. Material adversity "depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Burlington

Northern & Sante Fe Ry. Co. v. White, 548 U.S. 53, 71 (2006)(internal quotation marks omitted).

Drawing all reasonable inferences in favor of the nonmoving party, i.e., the plaintiff, the Court finds for purposes of determining the defendant's motion that Santora did suffer an adverse employment action. Though AAY contends that Santora's employment as a per diem nurse was never terminated, termination is not needed to find an adverse employment action. In this case, AAY stopped giving Santora work assignments in March 2008. This action by AAY is by all accounts a materially adverse change in the terms and conditions of her employment, as she was working several days each week prior to that time.

The fourth and final prong of the test for establishing a prima facie case of age or gender discrimination requires the plaintiff to show that the adverse employment action occurred under circumstances giving rise to an inference of discrimination by the employer. As to this prong, the Court finds that Santora has failed to provide evidence demonstrating that a nexus exists between any allegedly discriminatory statement and the adverse employment action taken against Santora by AAY. The only evidence that Santora has brought forth are verbal comments about her that were made by an employee of the State of Connecticut while Santora was working at an assignment in Watertown, Connecticut. Santora has not produced evidence of any relationship between the

State of Connecticut employee and AAY. Santora acknowledged in her answers to defendant's interrogatories and at her deposition that "there was no one statement made by the defendant that was discriminatory in nature." (Doc. # 39-3, p. 80.)

"[T]he entire basis of [Santora's] claim that [AAY] discriminated against [her] on the basis of . . . age and . . . sex" is the fact that she stopped being given work assignments by AAY after the time the State of Connecticut employee made the age and/or sex based remarks about her. (Id. at 79.) It has not been demonstrated that AAY was even aware of the remarks made by the State of Connecticut social worker. At her deposition, Santora was asked the following question: "[I]n March of 2008 when you had this last conversation with the social worker, did you contact anyone at All About You about that conversation?" Santora's response was "[n]o." (Id. at 66.) Although Santora subsequently provided the Court with an affidavit in which she indicates that she did inform AAY of the social worker's comments in March of 2008, "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." Hayes v. New York City Department of Corrections, 84 F.3d 614, 619 (2d Cir. 1996).

Even if it had been demonstrated that AAY was aware of the social worker's comments in March of 2008, those comments were

not "discriminatory statements" attributable to AAY. While courts have recognized that "[v]erbal comments constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and a defendant's [adverse employment action]," Silver v. North Shore Univ. Hosp., 490 F. Supp. 2d 354, 362 (S.D.N.Y. 2007), such comments have been those made by individuals who are directly associated with the employer. In distinguishing between comments that evidence an intent to discriminate and non-probative "stray remarks," "a court should consider [among other factors] . . . who made the remark, i.e., a decisionmaker, a supervisor, or a low-level co-worker . . . ." Id. at 363; see Rizzo v. Amerada Hess Corp., No. 99-CV-0168, 2000 U.S. Dist. LEXIS 18754, at *17-18 (N.D.N.Y. Dec. 29, 2000)("An employer's discriminatory statements will rise above the level of stray remarks and constitute direct evidence of discrimination when the statements are: (1) made by the decision maker or one whose recommendation is sought by the decision maker; (2) related to the specific employment decision challenged; and (3) made close in time to the decision."). A comment about Santora made by a third party with no known relationship to her employer AAY, whether or not AAY was made aware of such comments, simply does not constitute evidence of discriminatory motivation on the part of AAY.

The Court concludes that Santora provided no evidence showing that the adverse employment action occurred under circumstances giving rise to an inference of gender or age discrimination by AAY. Consequently, Santora has failed to establish a prima facie case of discrimination under either Title VII or the ADEA. Because a prima facie case was not established, there is no presumption of discrimination by AAY, and the motion of the defendant is granted as to both claims.

CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment (**doc. # 39**) is **GRANTED.** The Clerk is directed to close the case.

So ORDERED this 31st day of May, 2012.

______/s/ DJS_____________________
Dominic J. Squatrito
United States District Judge